IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HELGA M. CASTAÑO-HILERA

　Plaintiff

　　　v.

KARLO MARTINEZ

　Defendant

**Civil No.  09-1880 (SEC)**

OPINION AND ORDER

Pending before this Court is a Motion for Summary Judgment (Docket # 18) filed by Defendant, Karlo Martinez d/b/a Pizzeria El Pizzotón ("Pizzotón" or "Martinez").[1] Plaintiff, Helga Castaño-Hilera ("Castaño"), has not filed a timely reply to the aforementioned motion. As such, it shall be deemed unopposed.[2] Upon consideration of Defendant's filing, the evidence in the record, and the applicable law, the Motion for Summary Judgment is **GRANTED**.

**Standard of Review**

Fed. R. Civ. P. 56(b) provides that: "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]." The Court may grant

---

[1] Defendant has also filed a Motion to Dismiss predicated on Plaintiff's failure to comply with the Case Management Calendar, or answer Defendant's interrogatories. This Court understands that Plaintiff's alleged lack of prosecution could warrant dismissal under Fed. R. Civ. P. 41(b). Vallejo v. Santini-Padilla, 607 F.3d 1, 7-8 (1st Cir. 2010)(stating "District courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established."). Nevertheless, as the Motion to Dismiss is not developed in its argumentation, this Court will not rule on Plaintiff's lack of prosecution.

[2] The Motion for Summary Judgment was filed on May 14, 2010. Despite this, Plaintiff only now seeks leave to file an Opposition. See Docket # 23. Counsel explains how an error in her office email system led to the Opposition never being filed. This Court would be receptive to this predicament had the passing of time not been so great. The Opposition should have been filed no later than May 27, 2010, and Plaintiff only gave this Court notice of the situation on August 9, 2010. This was over two months after the deadline to oppose summary judgment, and a simple consultation with the PACER-CM/ECF docket would have avoided any of the current problems regarding filing. In light of this, no good cause for permitting the Opposition can be found, and the Motion for Summary Judgment will be deemed unopposed. This Court also notes that the deadline for filing the Proposed Pretrial Order was June 1, 2010. Neither party complied with said deadline, or requested an extension of time.

**Civ. No. 09-1880 (SEC)**                                                                 **2**

the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

However, once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (citing Maldonado-Denis, 23 F.3d at 581.)(internal quotations omitted).  If the opposing party "does not respond, summary judgment should, if appropriate, be entered." FED. R. CIV. P. 56(e)(2). These rules "are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Cabán-Hernández v. Phillip Morris USA, Inc., 486 F.3d 1, 8(1st Cir. 2007). When the parties ignore the Local Rule, they do so at their peril. See Ruiz-Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000).

In the instant case, Plaintiffs failed to file a timely opposition to Defendant's motion for summary judgment. As a result, and per FED. R. CIV. P. 56(e)(2), the Court will deem as admitted those facts which are supported by the record. This solution is consistent with Local Rule 56, and First Circuit precedent. See Philip Morris, 486 F.3d at 7-8.

**Factual and Procedural Background**

The following factual summary is derived from the Complaint (Docket # 1) and Defendant's unopposed Motion for Summary Judgment (Docket # 18), Statement of

**Civ. No. 09-1880 (SEC)** 3

Uncontested Facts ("SUF") (Docket # 19), and Defendant's Statement Under Penalty of Perjury (Docket # 19-2).

Martinez has been operating a small pizza restaurant named El Pizzotón for about five years. SUF # 1. He rents the local from Walter Salaberry, who is not a party to this action. Id. On December 6, 2007, Plaintiff's husband, Luis Roberto Vega-Lopez ("Vega"), a 26 year old police officer, was at Pizzotón, presumably eating and having drinks. Docket # 1 at 4. An incident occurred with a female client, and Vega allegedly attempted to persuade another man, Alfredo Rolon-Narvaez ("Rolon"), to stop harassing said female client. Id. Words ensued and Rolon asked Vega to step outside. Id. Tragically and undisputedly, Vega was later found with a bullet wound to his head on one of the establishment's decks. He deceased later that evening. SUF # 2. Rolon was tried and acquitted for the death.[3] SUF # 3.

The evening of the occurrence, Defendant employed a security guard who frisked patrons before they entered the restaurant. SUF # 1. Martinez did not witness any part of the incident. SUF # 4. The two men involved in the incident did not shout invective or engage in violent behavior while inside the restaurant, and Defendant was unaware of any altercation.[4] Id. After Martinez was alerted that a shooting had taken place outside of the restaurant, he called 911 immediately. Martinez did not expect or foresee that Vega would be shot. Id. The first notice that the Defendant received regarding this claim was the summons and complaint in this case. SUF # 5.

**Applicable Law and Analysis**

Plaintiff brings suit under diversity jurisdiction pursuant to Article 1802 of the Civil Code of Puerto Rico. 31 Laws of P.R. Ann. § 5141. Plaintiff asks for damages for her "mental

---

[3] This fact is not sufficiently supported by the record, but it is admitted by Plaintiff.

[4] Plaintiff does not allege that Rolon, or any other customer or employee of Defendant, brandished a weapon inside Pizzotón.

**Civ. No. 09-1880 (SEC)** 4

anguish and moral pain" stemming from Vega's death. She also pleads an inherited cause of action for his pain and suffering. Defendant is allegedly liable to Plaintiff, because Pizzotón ". . . did not take the most basic security measures to prevent such an incident to occur as described more fully herein." Docket # 1 at 5.  Plaintiff alleges Pizzotón did not provide proper or sufficient security. To wit, the Complaint states:

> At the time of the occurrence, Pizzeria Pizotón had no access control to its premises, did not have any security personnel present to control its patrons, had no surveillance systems including cameras, had no metal detectors, allowed all persons to enter the premises without verification of hand bags or concealed weapons, had no personnel to intervene with patrons harassing other patrons within the premises even though the business allows for the accumulation of large amounts of persons in a small quartered area and serves alcohol to its patrons.

Docket # 1 at 4.

Article 1802 provides that "any person or entity who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done...." A plaintiff who seeks relief under this article must establish "(1) a negligent act or omission, (2) damages, and (3) a causal relationship between them." Rivera Santiago v. U.S., No. 08-1266, 2009 WL 702235 at *2  (D.P.R. March 11, 2009); see also Soc. Gananciales v. Padin Co., Inc., 117 D.P.R. 94, 17 P.R. Offic. Trans. 111, (1986)(stating that Article 1802 requires, ". . .1) the act or omission violating the contract or resulting in the illegal noncontractual act 2) the illegal nature of the same 3) the fault of the agent 4) the occurrence of an injury and 5) the cause and effect relation between the act or omission and the damage."). Furthermore, restaurants and other places of business have a special obligation to ensure that their products and premises are safe. Padin Co., id.

Despite the responsibilities restaurants assume with their patrons, liability is not absolute. A plaintiff must provide some proof, either circumstantial or direct, that the defendant establishment has acted negligently. Once a plaintiff establishes the defendant's negligent act or omission, she must "demonstrate that the defendant's negligence was the proximate cause

**Civ. No. 09-1880 (SEC)**                                                                                              **5**

of her injuries." Vázquez-Filippetti, 504 F.3d 43, 49 (1st Cir. 2007). The Supreme Court of Puerto Rico has stated that a plaintiff must prove a defendant's negligence through evidence, because liability under Article 1802 is not presumed by the mere fact that the plaintiff suffers from some injury or affliction. To wit, Plaintiff must prove, ". . .through a preponderance of evidence, that the harm caused was most likely caused by the negligence charged by plaintiff." Crespo v. Hernández, 121 P.R. Dec. 639, 21 P.R. Offic. Trans. 637, 647(1988).

Therefore, "[a] defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries (or related harms) would result from his actions." Vázquez-Filippetti, 504 F.3d at 49 (citations omitted). Regarding the foreseeable element of a tort claim, a defendant "will be liable only for those reasonably foreseeable consequences to its conduct." Belfort v. Corporacion Hogar San Agustin, No. 07-1240, 2008 WL 5276192 at *5 (D.P.R. Dec. 18, 2008); see also Woods-Leber v. Hyatt Hotels of P.R., 124 F.3d 47, 51 (1st Cir.1997) (stating that foreseeability is a component of breach of duty and proximate cause).

As described above, Plaintiff alleges Defendant failed to provide basic safety measures at his establishment, and that these were the proximate cause of Vega's death. Nevertheless, the undisputed facts of the case show that Vega employed security personnel and that Vega was shot outside of the establishment. Neither Martinez, nor any other Pizzotón employee was aware of the altercation before Vega and Rolon stepped outside. Once alerted of the situation Martinez promptly offered assistance, and called the relevant authorities. Defendant also employees a security guard to frisk patrons as they entered.  Furthermore, no evidence has been presented that Rolon, who was acquitted at trial, shot Vega.

More importantly, no evidence has been offered that any weapon was introduced into the establishment, or that there were any steps that Defendant could have taken to prevent the incident from occurring. Violence is an unfortunate part of Puerto Rican society, and restaurants

and hotels do have a special duty to protect their patrons safety. Nevertheless, they cannot be expected to prevent all violence between clients.

Furthermore, in the case at hand, Defendant has provided evidence that he took efforts to provide a safe premises by hiring a security guard, and that the parties engaged in no violent or aggressive behavior while in the establishment. Nothing more could be expected from Defendant, who could not reasonably foresee that normal operation of his establishment would be linked to such a tragic act of violence. Holding restaurants liable for all violence occurring between patrons, even outside their premises, would lead to absurd safety measures and costs, and would unreasonably impede both the operation of businesses and normal social interactions.

As the Motion for Summary Judgment is unopposed, there is no evidence on the record that Defendant could have reasonably taken steps to prevent this incident.  From Defendant's well pleaded facts, it cannot be inferred that any possible causal connection exists between Defendant's conduct and Vega's death. Therefore, in light of the above, this Court has no other option than to **GRANT** the Motion for Summary Judgment.

**Conclusion**

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED**. Plaintiff's claims against Defendant are hereby **DISMISSED** with prejudice. Judgement shall be entered accordingly by the Clerk of Court.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of August, 2010.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge